IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 6-16-CV-139-RP |
| TERESA ALLEN, ISSAC ALLEN, DARRAMEISHA ALLEN, JASEY MCDONALD, ERIN ALLEN, ANDREW ALLEN, D.A., a minor, J.E.A., a minor, J.A.A., a minor, S.A., a minor and M.A., a minor, | § § § § § § § § § | |
| Defendants. | § § | |

## ORDER

Before the court is the above-styled case, in which Plaintiff brings an interpleader action against Defendants to determine the proper beneficiary of certain life insurance benefits payable as a result of the death of Darrell Lamond Allen. The case was referred to United States Magistrate Judge Jeffrey C. Manske pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Defendant Teresa Allen is proceeding pro se; all other parties are represented by counsel.

Teresa Allen (hereinafter "Ms. Allen") was served on August 11, 2016. (Dkt. 25). Plaintiff moved for entry of default against Ms. Allen on September 15, 2016, after she failed to answer or otherwise respond, (Dkt. 27), and the clerk of court entered Ms. Allen's default on October 19, 2016, (Dkt. 30). Ms. Allen then appeared via a one-page "answer" on October 24, 2016. (Dkt. 32). Judge Manske construed this "answer" as a motion to vacate the entry of default judgment. This court thereafter entered a show cause order, directing any party in opposition to the vacating of the entry of default submit related briefing by November 9, 2016. (Dkt. 33). All defendants other than

Ms. Allen responded on November 9, 2016, arguing that the default judgment should not be vacated. (Dkt. 34). Ms. Allen eventually responded via letter, dated December 23, 2017, and filed December 27, 2016. (Dkt. 35). Judge Manske construed Ms. Allen's letter as a memorandum in support of her motion to vacate. Judge Manske then filed a Report and Recommendation on January 9, 2017, recommending that Ms. Allen's motion to vacate the entry of default be denied. (*See* Dkt. 36).[1]

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, a party may serve and file specific, written objections to the proposed findings and recommendations of the Magistrate Judge within fourteen days after being served with a copy of the Report and Recommendation, and thereby secure a de novo review by the district court. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a Report and Recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Ms. Allen was properly notified of the consequences of a failure to file objections. To date, Ms. Allen has not filed objections to the findings of fact and conclusions of law in the Report and Recommendation. Accordingly, having reviewed the entire record and finding no plain error, the court accepts and adopts the Report and Recommendation for substantially the reasons stated therein. Upon entry of

---

[1] The court clarifies a minor point of potential confusion. In this action, the clerk of court has entered Ms. Allen's default, but default judgment has been neither moved for nor entered. Mistakenly, however, the Report and Recommendation occasionally refers to the entry of default as an entry of default judgment, and the Magistrate Judge construed Ms. Allen's motion as one to set aside a default judgment. The same error appears in the show cause order and in the parties' briefing. Any such error in terminology is immaterial to the resolution of the issue at hand because "[the court] examine[s] the same factors" in determining whether to set aside either an entry of default or a default judgment. *See CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992); *see also Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) ("Our court has left open the question whether the standard for relief from entries of default . . . is more lenient than that for a default judgment . . . however, we generally examine the same factors." (citing *CJC Holdings, Inc.*, 979 F.2d at 63 n.1)). The court therefore views Ms. Allen's motion as one to vacate the entry of her default, and the Report and Recommendation as recommending that her motion not be granted.

this order, Plaintiff may move for the entry of default judgment. *See supra* at note 1; Fed. R. Civ. P. 55.

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge (Dkt. 36) is **APPROVED AND ACCEPTED** as modified. *See supra* at note 1. Defendant Teresa Allen's Motion to Vacate Entry of Default (Dkt. 32) is **DENIED**.

**SIGNED** on March 1, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE